## THE STATE v. FOLKE.

Where the original entry on the minutes of a court makes no mention of the swearing of the grand-jury, merely setting forth the names of the jurors, how they were selected, and the term for which they were to serve, on an affidavit by the clerk that the jurors had been regularly sworn and that the omission to state the fact was an inadvertence of his own, the minutes may be afterwards amended so as to conform to the fact. Nor will it be any objection to making the amendment, that the omission occurred while another judge presided. *Per Curiam:* The power of correcting the minutes of its proceedings so as to make the entries conform to the truth, whenever errors or omissions are satisfactorily shown, is inherent in every court. In criminal proceedings all ministerial acts are amendable at any time.

No writ is required to be issued from the court for selecting and summoning a jury; nor is any order, under the seal of the court, necessary for that purpose. The stats. of 25 March, 1831, ss. 10, 11, and 13 March, 1833, s. 1, direct the clerk and sheriff, or deputy sheriff, to draw, at stated periods, the requisite number of jurors, who are to be summoned.

It is not necessary to the validity of an indictment that the day on which it was found, or the name of the judge presiding, should appear on its face.

It is not necessary that the foreman of the grand-jury should sign his name at full length to the finding endorsed on the indictment. An indictment signed "Geo. W. West, foreman," is sufficient.

APPEAL from the First District Court of New Orleans, *McHenry*, J.

*Sigur*, District Attorney for the State, 1st. The court will presume that the grand-jury were sworn according to law, even if the record did not show the fact. *Goyne* v. *Howell*, Minor's Rep. 62; *Perdue* v. *Burnett*, Ib. 138. But in this case the record, as amended, shows that the grand-jury was sworn. The mistake or omission of the clerk was amendable. 1 Chitty's Crim. Law. 1 Saunders, 249, 250. 1 Stra. 136. 2. It is not necessary that the order to summon the jury should be sealed. With us a *venire facias* is not necessary; jurors are summoned in the same manner as witnesses. The case of *The People* v. *McKay*, 18 Johns, 212, was decided under the common law. But in the cases of *Haight* v. *Holley*, 3 Wend. 258; *Bennett* v. *Tennessee*, Mart. and Yerg. 133; and *Johnson* v. *Cole*, 1 Penn. 266; decided under statutes similar to ours, it was held that no seal was necessary, or that the want of a seal was cured by verdict. 3 Stewart, 454. 3d. The other objections proceed upon an erroneous understanding of the word "caption," used in the authorities cited; a caption is no part of the indictment. The objection to the signature of the foreman is futile.

*J. M. Wolfe*, for the appellant, urged the points recited in the opinion of the court, *infrá*, citing Bul. & Curry's Dig. p. 19. 18 La. 212. 2 Chitty's Crim. Law, 309, 326. 5 Howard's Miss. Reports, 32. 2 Hawkins, 346. 3 Johnson, 265. 1 Ib. 179. 4 Barn. & Adolph, p. 90.

The judgment of the court was pronounced by

KING, J.* To an indictment preferred against the defendant he filed a special plea, setting forth several grounds in avoidance of the proceedings, none of which were sustained. He was subsequently tried, convicted, and sentenced, and from the judgment of the lower court has appealed.

---

* EUSTIS, C. J. was absent when the judgment became final by the refusal of a rehearing, though present when the opinion was first read.

The grounds urged in this court for the reversal of the judgment appealed from, are: 1st. That the grand-jury appear, from the records of the court, not to have been duly empannelled and sworn, and that the judge erred in permitting the clerk to amend the record by stating that the grand jury had been sworn. 2d. That the order to the sheriff to summon the jury did not bear the seal of the court. 3d. That the day on which the indictment was found, and the name of the judge presiding, do not appear on the face of the indictment. 4th. That the foreman of the grand-jury did not sign his name at full length to the finding endorsed on the indictment.

I. The original entry on the minutes of the court makes no mention of the swearing of the grand-jury, but merely sets forth the names of the jurors, and that they were selected by the sheriff and clerk under the direction of the court, to serve during the months of November and December. A few days after this entry was made, the grand-jury returned the bill preferred against the present defendant, which commences: "The grand jurors of the State of Louisiana, duly empannelled and sworn, &c." The defendant then made the objection to the indictment now urged, that the grand jurors by whom it was preferred were not duly empannelled and sworn. The clerk, thereupon, made an affidavit that the grand jurors had been sworn according to law, and that the failure to make the entry was an inadvertent omission of his own; and asked permission of the court so to amend the minutes as to make the entry accord with the fact. The judge permitted the amendment to be made, and we think correctly. The power is inherent in courts to direct the correction of the minutes of their proceedings, so as to make the entries conform to the truth, whenever errors or omissions are satisfactorily shown; and in criminal proceedings it is well settled, that all ministerial acts are amendable at any time. 1 Chitty's Criminal Pleading, 335, 336. 4 East. Rep. 173. In the present instance it appears upon the face of the indictment that the jurors by whom it was found were duly empannelled and sworn, and the oath of the clerk further confirms the fact. It is no objection to the amendment, that it was intended to supply an omission which occurred while a different judge presided.

II. The seal of the court was necessary to the order for selecting and summoning the jury, if such an order issued. The statutes of 1831 and 1833, (B. and C.'s Dig. 525-6,) directs that the clerk and sheriff, or deputy sheriff, shall, at stated periods, draw the requisite number of jurors, who are to be summoned. No writ from the court, for the performance of these duties, is required, and none such appears to have issued. 2 Rob. 268.

III. No rule of criminal pleading requires that the facts stated in the fourth should be set forth in the indictment. The objection seems to be founded upon the recital of facts essential to the validity of a caption. The caption forms no part of the indictment, and the necessity for that instrument cannot arise while the prosecution is pending in the court in which the bill is preferred. 1 Chitty's Crim. Pleading, 326. State v. Kennedy, 8 Robinson, 990.

IV. The foreman of the grand-jury signed his name "Geo. W. West," to the finding endorsed on the indictment. We are aware of no rule which requires the foreman to sign his name at full length to a finding, and have been referred to no authority in support of the position assumed by the defendant's counsel.                    Judgment affirmed.