STATE OF MINNESOTA *vs.* THOMAS E. BOWEN.

December 30, 1890.

**Justice of Peace — Jurisdiction — Warrant Returnable in Adjoining Ward.**—A justice of the peace has *jurisdiction* to make a warrant in a criminal proceeding returnable in a city ward adjoining that for which he was elected, and to there proceed to judgment.

**Same—Judgment.**—Such a judgment, even though erroneous, will sustain a plea of former conviction.

Case certified from the district court for Nicollet county, *Webber,* J., presiding.

*Moses E. Clapp,* Attorney General, and *A. A. Stone,* for the State. *J. M. Thompson,* for defendant.

DICKINSON, J. To an indictment for an assault in the second degree committed upon Pearl V. Collins, the defendant pleaded a former conviction. The court sustained a demurrer to this plea, upon the facts set forth and upon facts admitted, but certified the case to this court for a review of that ruling. The offence is alleged to have been committed in the city of St. Peter, in the county of Nicollet.

v.45M.—10

The former prosecution was instituted by a complaint by Collins for the same assault and battery of which the defendant is now accused, before Charles Hensel, who resided in, and had been elected justice of the peace for, the *Second* ward of the city of St. Peter, but who then kept his office and held his court in the *First* ward of the city. These two wards constitute two separate but adjoining election districts into which the city is divided. Upon this complaint the justice of the peace issued a warrant, upon which the defendant was arrested and taken before the justice. The defendant pleaded that he was guilty of the offence, and a fine of $10 and costs was imposed and paid, and the defendant discharged. These proceedings before the justice of the peace were at his office in the *First* ward of the city, and for this reason it is contended that the justice acted without jurisdiction. The complainant Collins was not present at the time of this conviction and judgment, and no attorney appeared for either the state or the defendant. It is admitted that the defendant is not chargeable with fraud in respect to the proceedings constituting such former conviction. The charter of the city of St. Peter, which by its terms is declared to be a public act, (Sp. Laws 1873, c. 1,) provides for the election of one justice of the peace for each ward, who, in addition to the authority specially conferred upon them as city justices, have the authority and powers of justices of the peace of the county under the general law. The general statute provides that "every justice of the peace shall keep his office in the town, city, or ward for which he is elected; but he may issue process in any place in the county, and may, in his discretion, for the convenience of parties, make any process issued by him, either civil or criminal, returnable, and may hold his court, at any place appointed by him in a town or ward adjoining the town or ward in which he resides, or in any incorporated village located within the town in which said justice resides: *provided,* the place so appointed be within his county." Gen. St. 1878, c. 65, § 2, as amended by Laws 1885, c. 124.

It is unnecessary to consider whether the fact that the justice proceeded to hear and determine the cause in the ward adjoining that for which he had been elected was error for which the judgment might have been reversed. We will say, however, in this connection, that

only a plain case of abuse of the "discretion" which is expressly given to justices in respect to such matters would justify a reversal upon that ground. That discretion may be exercised, in the first instance at least, even before the parties shall be before the court so that they can be heard; for it will be observed that he may make his process returnable in a town or ward adjoining his own proper town or ward. It would seem to have been intended to allow justices to consider, from such information or knowledge as they may possess, even before the parties are brought before them, whether, upon grounds of the "convenience of parties," it is or is not expedient to make the process returnable and to hear the cause in such adjoining district, and to act in the first instance according to his discretion. If he should err in that particular, that would not terminate his *jurisdiction* of the cause, even though the judgment which he might render should be deemed to be reversible on that ground.

The offence of which the defendant was accused was within the jurisdiction of this justice, both as respects the nature of the crime and the place where it was committed. The justice acquired jurisdiction, the complaint, warrant, and arrest being in accordance with law. He had authority to proceed to hearing and judgment. He was invested with a discretion to thus proceed in the ward adjoining that for which he was elected, if, at least, he had reason to suppose that to do so would conduce to the convenience of parties, which would probably include a consideration of the convenience of witnesses. If he erred in the exercise of his discretion, that error could only be corrected by an appeal from the judgment. It did not divest the justice of jurisdiction. In this collateral proceeding the former judgment, rendered by a court having jurisdiction to render it, must be deemed a valid judgment. Thereby this defendant was convicted and punished for the same offence charged in this indictment, and, as is conceded, without any fraudulent proceeding on his part, so that he is not precluded from setting up the former conviction in bar of this prosecution. By the constitution he is protected from being put "twice in jeopardy of punishment." His plea should therefore have been held to be sufficient as a defence.

It is probable that the ruling of the district court was based upon the case of *State* v. *Marvin*, 26 Minn. 323, (3 N. W. Rep. 991.) Our present decision is not contrary to what was decided in that case. A careful reading of the opinion shows that what was decided was that, under the statute as it then was, a justice of the peace of a *town* had no authority to hold court or render judgment in an adjoining *city*, although the right of a town justice to so act in an adjoining town, as well as of a city justice elected for a particular ward to so act in an adjoining city ward, (which is this case,) is there distinctly recognized.

Order reversed.