THE STATE OF KANSAS v. PETER ALLEN.

### No. 11143.

1. ONCE IN JEOPARDY—*jury sworn, discharge without legally sufficient reason operates acquittal.*  Where a defendant has been placed upon trial on a criminal charge and the jury is duly impaneled and sworn, the court cannot arbitrarily discharge the jury before a verdict is returned; and a discharge in such case unless an absolute necessity, and for reasons which are sufficient in law, will operate as an acquittal.

2. ———— *and unless record affirmatively shows sufficient reason accused cannot again be tried.*  The essential facts upon which the discharge is based, and the finding of the court thereon, must be entered of record, and unless the record shows the existence of such facts and the decision of the court thereon, and that they constitute sufficient grounds for discharge, the defendant cannot again be put on trial for the same offense.

3. ———— *entry of discharge because jury had not agreed, not such showing.*  A record entry that the jury, not having agreed, is discharged, does not show inability to agree, or any necessity for a discharge.

Appeal from Cowley District Court.  W. T. McBride, Judge.  Opinion filed November 5, 1898.  *Reversed.*

*L. C. Boyle,* Attorney General, *J. C. Stanley,* County Attorney, for the State.  *Joseph O'Hare,* of counsel.

*O. P. Fuller, J. C. Pollock* and *Smith & Cogdal,* for appellant.

JOHNSTON, J.  At the April term, 1898, of the District Court of Cowley County, Peter Allen was convicted of manslaughter in the third degree upon an information charging him with the wilful, deliberate and premeditated murder of John Mann.  Before the trial, upon which a conviction was had, the defendant filed a plea of former jeopardy, alleging a trial upon the same charge at the November term, 1897, of the same court, before a jury duly impaneled, and that

evidence on the part of the State and the defendant was offered, and that after the evidence had been closed and the case fully submitted to the jury for the purpose of determining his guilt or innocence, the jury were arbitrarily discharged from consideration of the case and without any sufficient or lawful reason therefor; and that having once been in jeopardy he could not again be placed upon trial. The records of the court were introduced and showed the arraignment, the impaneling of the jury at the former trial, the introduction of evidence on the part of the State and the defendant, which continued and occupied the time from December 2 until December 8, when the arguments were made and the case finally submitted to the jury. The record made at the conclusion of the trial reads as follows:

"And now on this ninth day of December, 1897, the jury not having agreed upon a verdict in the above entitled cause, the jury is discharged from further consideration of this case. The bond of the defendant is by the court on his own motion, reduced to $3,000, and this case is continued until next regular term of this court, and the clerk is directed to approve such bond if signed by good and sufficient sureties."

It does not appear from the record that the jury was unable to agree, nor is there any record entry of an absolute necessity for their discharge. Some testimony was admitted at the trial of this plea, but it was received under objection, and it is contended that only record evidence is admissible. The contention of the defendant is not that a mis-trial operates as a bar to a further proceeding, but it is that the record must affirmatively show that some of the reasons enumerated in the Code for the discharge of a jury without a verdict actually existed. It does not appear upon the record that the jury could not have agreed, nor whether a reasonable time was given them within

which to reach an agreement. It does not show that the jurors informed the court or held the opinion that an agreement was improbable, nor was there any finding of the court that the jury after being given a reasonable time for deliberation were unable to agree upon a verdict; indeed, it does not appear that the court exercised its judgment on the question as to whether or not there was a probability of agreement or necessity for the discharge of the jury without having rendered a verdict.

The court cannot arbitrarily discharge a jury, nor should it ever be discharged until it appears from the statements of the jurors and the facts and circumstances of the case that every reasonable hope of agreement has vanished. The length of time a jury should be kept together and the improbability of an agreement must be determined by the trial court from the facts and circumstances of the particular case, and its decision will be conclusive unless it has abused its discretion in that regard. Good reason must exist for the discharge of the jury, and one which the law will recognize as an absolute necessity; and a discharge without sufficient reason operates as an acquittal. The statute prescribes the grounds authorizing a discharge of the jury without prejudice to the prosecution, and they are as follows:

1. Jury illegally discharged operates as acquittal.

". . . On account of the sickness of a juror, or other accident or calamity requiring their discharge, or by consent of both parties, or after they have been kept together until it satisfactorily appears that there is no probability of their agreeing." Civil Code, § 281, Gen. Stat. 1897, § 291; Crim. Code, § 208, Gen. Stat. 1897, § 201.

In this case it is contended that one of the recognized statutory grounds or necessities for discharge appears — that is, the inability of the jury to agree;

and if we could look beyond the record a basis for
this contention might be found. The rule, however,
in cases involving the liberty of the citi-
zen, and especially in cases of felony, is
that the essential facts upon which the
discharge is based, and the finding of the court there-
on, must be entered of record; and unless the record
shows the existence of such facts and the decision of
the court thereon, and that they constitute sufficient
ground for discharge, the defendant cannot again be
put on trial for the same offense. In *The State v. Smith*
(44 Kan. 80, 24 Pac. 84), the procedure and power of
the court in such case was considered. It was said
that " when an order is made by a trial court dis-
charging a jury without verdict, to which has been
committed the question of the guilt or innocence of a
prisoner charged with a crime, the record ought to
show affirmatively the existence of the fact which in-
duced such order and justified the exercise of such
extraordinary power. This much seems to be de-
manded in order to preserve to the prisoner the full
benefit of the constitutional requirement in his be-
half." And in *The State v. Reed* (53 Kan. 767, 37
Pac. 174), it was said that the discharge of a jury
without sufficient reason will bar a further trial, and
that the court cannot arbitrarily determine whether
reasons for discharge exist, but that the question of
the necessity for discharge was to be heard and de-
termined by judicial methods; and such methods cer-
tainly contemplate that a record of the findings and
determinations of the court should be made.

It results from these cases that before a court may
discharge a jury to which has been submitted the ques-
tion of the guilt or innocence of the ac-
cused, and especially in capital cases,
there must exist : *First*, an absolute neces-
sity for such discharge ; *second*, the court must make in-

*2. Record must show sufficient reason for jury's discharge.*

*3. Jury not agreed, not sufficient showing.*

quiry and find and determine that such necessity existed at the time of the discharge ; and, *third,* the essential facts as to such necessity and the finding of the court thereon must be made a matter of record ; or the defendant may successfully plead former jeopardy when placed on trial on the same charge. *Dobbins v. The State,* 14 O. S. 493 ; *Hines v. State,* 24 id. 134 ; *Ex parte Maxwell,* 11 Nev. 436 ; *State v. Reinhart,* 26 Ore. 466, 38 Pac. 822 ; *People v. Smalling,* 94 Cal. 112, 29 Pac. 421 ; *Conklin v. State,* 25 Neb. 784 ; *The State v. Leunig,* 42 Ind. 541 ; *State v. Jefferson,* 66 N. C. 309 ; *State v. Pool,* 4 Lea. 363.

As we have seen, the record in this case falls far short of showing a statutory reason or a lawful necessity for the discharge of the jury, and hence the plea of former jeopardy must prevail. In view of the claim that a necessity for the discharge actually existed, we sustain the plea with great reluctance, but the well-established rule of our own and other courts leaves no other course open to us except to reverse the judgment of the trial court and to order the discharge of the defendant.