## THE STATE OF KANSAS v. AL. START.

### No. 11,739. (61 Pac. 394.)

62 111
66 730

1. JURY AND JURORS—*Illegal Discharge.* The case of *The State v. Allen*, 59 Kan. 758, 54 Pac. 1060, followed.

2. ——— *Illegal Correction of Entry — Jurisdiction after Change of Venue.* Neither the district court of a county to which a criminal action has been transferred by change of venue from another county of the same district nor the judge of the district at chambers has power to vacate or amend the journal entry of a judgment or order of the court of the county from which the removal was made, so as to show a legal discharge of the jury at a former trial had in such county, and thereby defeat the defendant's plea of former jeopardy, based upon the record as it stood when the change of venue was made.

Error from Hodgeman district court; J. E. AN-DREWS, judge. Opinion filed June 9, 1900. Reversed.

*A. A. Godard,* attorney-general, *Albert H. Wilson,* county attorney, *H. L. Anderson,* county attorney, and *W. H. Russell,* for The State.

*H. Fierce, G. P. Cline, S. I. Hale, Chas. Bucher,* and *J. W. McCormic,* for appellant.

The opinion of the court was delivered by

DOSTER, C. J.: This is an appeal from a judgment of the district court of Hodgeman county sentencing the appellant for the crime of manslaughter in the fourth degree. The homicide occurred in Rush county. A trial was had in that county at the October term for 1898, which resulted in a conviction. From the judgment then pronounced an appeal was taken to this court, and it was reversed and a new trial ordered. (*The State v. Start,* 60 Kan. 256, 56 Pac. 15.) A trial was again had in Rush county at the October term, 1899, but the jury failed to agree. The record of this

second trial, after reciting the impanelment of the jury, the trial of the case, and the submission of it to the jury, concludes in the following language : ''Thereafter, on the 14th day of October, 1899, the jury, not having agreed upon a verdict, was by the court discharged.'' The record contains no statement indicating the reasons for the discharge of the jury other than the fact that they had not agreed on a verdict. A change of venue to Hodgeman county was taken. Rush and Hodgeman counties are in the same judicial district and are of course presided over by the same judge, and all the trials herein spoken of were had before him. The case was twice tried at the regular December, 1899, term of Hodgeman county. At each of these trials the defendant interposed a plea of former jeopardy. Demurrers to these pleas were sustained and the defendant ordered to trial. At both trials the jury disagreed and the case was ordered to be again heard at an adjourned term in January, 1900. At this adjourned session the defendant again interposed a plea of former jeopardy, reciting his trial at the previous October term in Rush county and the unauthorized discharge of the jury without a verdict. Upon the hearing of this plea, the attorneys for the state moved the court to correct the journal entry of the proceedings of the district court of Rush county so as to show legal reasons for the discharge of the jury in that county, and thereby to conform to what were claimed to have been the actual facts. This motion was sustained, and an amended journal entry of the proceedings in Rush county prepared and signed by the judge. This journal entry recited reasons sufficient in law for the discharge of the jury in Rush county. The plea of former jeopardy was thereupon

overruled and a trial had, which resulted in the judgment of conviction before stated.

In *The State v. Allen*, 59 Kan. 758, 54 Pac. 1060, it was held :

"Where a defendant has been placed upon trial on a criminal charge and the jury is duly impaneled and sworn, the court cannot arbitrarily discharge the jury before a verdict is returned ; and a discharge in such case, unless an absolute necessity, and for reasons which are sufficient in law, will operate as an acquittal.

"The essential facts upon which the discharge is based, and the finding of the court thereon, must be entered of record, and unless the record shows the existence of such facts and the decision of the court thereon, and that they constitute sufficient grounds for discharge, the defendant cannot again be put on trial for the same offense.

"A record entry that the jury, not having agreed, is discharged, does not show inability to agree, or any necessity for a discharge."

The facts of that case and of this one are identical in effect, and the records of the two cases are very nearly identical in language. No question is raised by the state in this case as to the controlling authority of the one cited. The record of the proceedings of the district court of Rush county at the October term for 1899, as first made up, utterly failed to show any sufficient reason for the discharge of the jury. Under the decision in *The State v. Allen*, supra, the defendant thereupon became entitled to a discharge from custody. The only question, therefore, is, Of what effect were the proceedings in Hodgeman county purporting to amend and correct the record of Rush county? Our decided judgment is that they were of no effect whatever. The constitution of the state declares that "the district courts shall have such juris-

8—62 KAN.

diction in their respective districts as may be provided by law." (Art. 3, § 6.) "The several justices and judges of the courts of record in this state shall have such jurisdiction at chambers as may be provided by law." (Art. 3, § 16.) The statutes provide:

"There shall be in each county organized for judicial purposes, a district court, which shall be a court of record, and shall have general original jurisdiction over all matters, both civil and criminal, not otherwise provided by law," etc. (Gen. Stat. 1897, ch. 85, § 1; Gen. Stat. 1899, § 1879.)

"The judges of the district courts, within their respective districts, shall have and exercise such power in vacation or at chambers as may be provided by law, and shall also have power in vacation to hear and determine motions to vacate or modify injunctions, discharge attachments, vacate orders of arrest, and to grant or vacate all necessary interlocutory orders," etc. (Gen. Stat. 1897, ch. 85, § 2; Gen. Stat. 1899, § 1880.)

The first of these statutes confers power on the courts in term time; the second confers power on the judges at chambers. Elsewhere in the statute may be found provisions which, as to particular matters, confer power either on the court or on the judge, but none of them confers the power that in this case was exercised by the judge of the district court of Hodgeman county, either as a judge or as a court. It will be borne in mind that the order in question was made by the district court of Hodgeman county as to a case in the district court of Rush county, or rather as to a case which had been in the last-named county. Now, while these two counties are in the same judicial district, and the district courts of both of the counties are presided over by the same judge, yet they are not the same courts. They are separate and independent —as much so as though they were not in the same

district. For convenience in the administration of justice the state is divided into districts, each district embracing the number of counties assigned to it, but the counties so assigned are, for all judicial purposes, in every sense of the word, independent of one another. The district court of Hodgeman county had, therefore, no jurisdiction whatever to make an order affecting a case in Rush county, or vacating or correcting the records of the district court of that county, merely because the judge of the two counties happened to be the same. To allow such power to be exercised would logically lead to the obliteration of all distinctions between the district courts of the different counties, and to lodge in the judge of the district the power to hold court for the entire district in such single county as he might choose.

Nor, viewing the judge making the order at his chambers, and the order as one made in the vacation of the district court at Rush county, can the authority exercised be upheld. However, the state does not claim that the order was made at chambers in vacation. If such claim were made, it would of necessity have to be brought within the terms of the final clause of section 2 of the statute above quoted, which reads: "And to grant or vacate all necessary interlocutory orders." But the order in question, if interlocutory in any sense, was not so in the sense which justified the judge at chambers to make it. It was an order vacating the entry of one judgment and directing the entry of another, and such kind of order can only be made by the court. There are no statutory provisions conferring power upon the district courts to vacate or amend their orders and judgments which, by their terms, are made applicable in criminal cases, and, of course, no statutory power in the judges at

chambers to make such vacation or amendment in such class of cases. If the power to vacate and amend orders in criminal cases exists, it is either inherent in the court or the judge, or is allowable under the terms of sections 568 *et seq.* of the code of civil procedure. (Gen. Stat. 1897, ch. 95, § 601; Gen. Stat. 1899, § 4862.) It may be that in respect to such matters the code of criminal procedure appropriates to itself the provisions of the code of civil procedure for the vacation or amendment of judgments and orders, but, if so, the power to vacate or amend must be exercised by the court and not by the judge, because the sections of the code of civil procedure referred to confer power on the court, not on the judge. It is probably true that, independently of the statute, power exists to vacate or revise the entry of judgments or orders, but, if so, it is the court, not the judge, which possesses the power. Wherever such power is discussed it is spoken of as belonging to the court, and never as belonging to the judge. (1 Black, Judg. § 297.) Upon the other hand, the rule is that the powers of a judge at chambers are only such as have been conferred upon him by statute.

"The powers of judges at chambers are usually regulated by statute or rules of court, and the general doctrine is that all judicial business must be transacted in court, whether there be any express direction to that effect or not; and that such business as may be transacted out of court is exceptional and must find its express authority in statute." (4 Encyc. Pl. & Pr. 337. See, also, *In re Barnhouse,* 60 Kan. 849, 58 Pac. 480.)

"When a law authorizes or contemplates the doing of a judicial act, it is and must be understood to mean that the *court*, in term time, may or must do it, and not the judge in vacation, unless expressly conferred by the words of the law." ( *William S. Reyburn agt. Bassett and Brackett,* McCahon, [Kan. Ter.] 86.)

That an order for the vacation or correction of a judgment is not an interlocutory order which may be made by the judge in vacation is sufficiently evidenced by the fact that the power to amend or vacate is limited to the courts, as such, by sections 568 *et seq.* of the civil code above cited. It would be startlingly strange, indeed, to hold that, although the exercise of the power of vacation or amendment of judgments and orders in civil cases is limited to the courts in term time, yet the same power may be exercised in criminal cases by the judge, out of court, in vacation. It will be observed that it is not merely the power to vacate or modify judgments and orders. which in fact have been *rendered* that, by the terms of section 568 of the civil code, is limited to courts, but it is also the power to vacate or amend judgments which have been irregularly, undesignedly or mistakenly *entered* which is likewise limited to courts, and thus by implication denied to judges. When an entry of judgment has been made, whether by mistake or otherwise, the court is bound to treat it as a judgment until it can be gotten rid of in the usual and formal way. There is no more power in the judge at chambers to vacate the entry of a judgment never rendered than there is to vacate the entry of one which in fact was rendered. In the case under consideration, a judgment was entered on the records of the district court of Rush county. That judgment, so it was claimed, was incorrect, irregularly obtained, or the entry of it was made by mistake of the clerk. Nevertheless it had to be treated, for the time being, as a judgment. It was the only evidence of the action of the court. It imported absolute verity, and was entitled to stand as a judgment until by proper proceedings it could be vacated or corrected. Hence, for

the purpose of the power to vacate, no distinction can be drawn between a judgment and an entry purporting to be a judgment. For the purpose of the case we are considering, or any other like case, they are one and the same thing.

But we are not without authority upon the precise question. In the case of *Devine v. The People,* 100 Ill. 290, an order of court improvidently settling an erroneous bill of exceptions in a criminal case was made. Upon the discovery of that fact the judge who tried the case settled a supplemental bill of exceptions at his chambers in another county, so as to correct the errors of the original bill. The supreme court refused to consider the supplemental bill, saying :

"It is a well-recognized principle that judges can exercise no judicial functions in vacation except such as they are specially authorized to do by statute. It is true the mere settling and signing of a bill of exceptions may not be the exercise of judicial power, yet, when once it is signed, sealed and filed in the proper office, it becomes as much a part of the record as an indictment or declaration when so filed, and, like other portions of the record, it imports a verity, and no plea or averment will be admitted which questions the truth of what it imports. If what purports to be a record has been so made up by the clerk or other official as to not speak the real facts, it must be amended so as to conform to them, and this can only be done by the court whose record is sought to be amended, and must, as a general rule, be done on due notice to all such as will be affected by the amendment. It would certainly be competent for the legislature to authorize judges to hear and determine questions of this character in vacation, but we are aware of no statute that authorizes them to do so."

To the same effect are the cases of *Ingram v. Belk et al.,* 2 Rich. Law (S. C.) 111; *Garlington v. Cope-*

*land,* 32 S. C. 58, 10 S. E. 616.  Some contrary holdings have been made in Louisiana, but. they are not in harmony with any of the other authorities, and unless consonant with the rules of the civil law which prevail in that state are erroneous in principle.  See, also, *State v. Folke,* 2 La. Ann. 744; *Picard & Weil v. Prival,* 35 id. 370.

But the order for the amendment of the record must be regarded as erroneous for another reason, which appears to us equally as conclusive as the one above given.  Whether regarded as an order made by the district court of Hodgeman county, or by the judge of the district court of Rush county at his chambers in Hodgeman county, the order was made as to a case which had no existence or status in Rush county, the county in which it was designed to operate.  There was no case in Rush county.  The case which at one time had been upon the docket in that county had been transferred to another county.  After the transfer the case was pending in Hodgeman county, and wholly pending there, and the district court of Hodgeman county had jurisdiction over the defendant only in that county, but the order was made to operate upon the defendant as though he were still in Rush county.  Neither the court nor the judge could make an order affecting the rights of the defendant except in the jurisdiction in which his case was triable, or rather could make no order operative within a jurisdiction in which he was not being held for trial.  When the venue of a case has been changed from one county to another the court from which the order of removal is made loses jurisdiction over the case, and jurisdiction over it henceforth becomes lodged in the court to which the change has been made.  There may be some exceptions to this as a

general proposition, but in the main the rule as stated must be considered as sound, because two courts cannot have jurisdiction at the same time over the same parties and the same subject-matter. A case declarative of the principle is *Keen v. Schnedler*, 92 Mo. 576, 2 S. W. 312. In that case it was held that a court to which the venue of a case had been changed had no jurisdiction to allow a bill of exceptions as to matters occurring in the court from which the removal had been made.

But, after all, the general principle applicable to this case is one that has been frequently decided in this state, and that is that a court has no power in vacation to render a judgment in a cause: In the case of *In re Millington, Petitioner*, 24 Kan. 214, it was ruled that judicial proceedings not had at a regular and valid term of the court are void. In the case of *Earls v. Earls*, 27 Kan. 538, it was held that a judgment of divorce could not be rendered in vacation in a case which had been tried at the preceding term. In the case of *Cox v. The State, ex rel.*, 30 Kan. 202, 2 Pac. 155, it was held that where by operation of law a term of court in a certain county expired, in order to the commencement of a term in another county of the same district, a case on trial before a *judge pro tem.* in the first-mentioned county could not be concluded in that county after the expiration of the term there, and while the regular judge of the district was holding the other term in the other county. In the case of *Packard v. Packard*, 34 Kan. 53, 7 Pac. 628, an action for divorce and alimony had been tried in one county. A judgment granting the divorce was rendered before the close of the term, but the matter of alimony was taken under advisement and was determined after the term and in another county. It was held that that

part of the judgment relating to alimony should be set aside and held for naught.

Our conclusion is that the order made in Hodgeman county correcting the journal entry of proceedings in Rush county was made without jurisdiction either in the court or the judge, and that it could not operate against the defendant's plea of former jeopardy; and, inasmuch as no similar order can ever be made without the defendant's consent, he is entitled to his discharge upon his plea. The judgment of the court below is therefore reversed, with directions for the appellant's discharge.