No. 25,284.

The State of Kansas, *Appellee*, v. The Pittsburg Paving Brick Company, and The Coffeyville Vitrified Brick and Tile Company, *Appellants*.

SYLLABUS BY THE COURT.

1. Jeopardy—*Misdemeanor—Once in Jeopardy—When Jeopardy Attaches.* An accused is in legal jeopardy when a trial is begun before a court of competent jurisdiction upon an indictment or information which is sufficient to sustain a conviction, and when jeopardy attaches the discontinuance of the trial without the consent of the accused or an absolute necessity is a bar to another prosecution for the same offense a second time.

2. Same—*Trial to Court.* One brought to trial before a court without a jury for an offense triable by the court alone is in jeopardy the same as he would be if his trial had been begun before a court and jury.

3. Same—*Agreed Statement of Facts—Submitted to Trial Court—Taken Under Advisement—Court Set Aside the Submission—Case Continued—Another Trial Ordered at Later Date—All Without Consent of Defendants—Second Jeopardy.* In a prosecution of several parties for a misdemeanor the facts upon which the prosecution depended were agreed to and reduced to writing. There was arraignment of defendants, the entry of pleas of not guilty, the waiver of a jury, and the submission to 'the court of the agreed facts. Following this a demurrer challenging the sufficiency of the agreed facts to establish a public offense was presented to and taken under advisement by the court. Later the court made an order setting aside the proceedings, including the submission of the case, stating that he had under-

stood that all of the defendants had joined in the submission and had since learned that they had not. Notwithstanding the defendants' plea of former jeopardy, they were again put on trial. *Held,* that defendants being in jeopardy the discontinuance of the trial without defendants' consent and without overruling necessity therefor, the court was without power to place them on trial the second time for the same offense.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, Judge. Opinion filed December 6, 1924. Reversed.

*A. C. Malloy, R. C. Davis, Warren H. White,* all of Hutchinson, *John F. Rhodes,* of Topeka, *W. C. Scarritt, E. H. Jones, A. M. Seddon* and *E. S. North,* all of Kansas City, Mo., for the appellants.

*C. B. Griffith,* attorney-general, *John G. Egan,* assistant attorney-general, and *H. F. Brown,* county attorney, for the appellee; *F. L. Martin,* of Hutchinson, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal by the Pittsburg Paving Brick Company and the Coffeyville Vitrified Brick and Tile Company from a conviction for the violation of the anti-trust law.

The indictment under which the conviction was based charged in substance that the Pittsburg Paving Brick Company and the Coffeyville Brick and Tile Company, and also the Buffalo Brick Company, through certain of its officers who were also accused, entered into a trust combination by which one Oswald, a citizen of Reno county, should represent himself to be acting in the public interest for the building of roads, and actuated only by a desire to serve the people of the community, should procure the signing of petitions for the creation of a benefit district and the construction of a road paved with brick from Hutchinson through Nickerson to the county line, known as "Federal Project No. 15." At a conference of these parties it was agreed that the company chosen to furnish the brick used on the project should pay Oswald three cents per square yard for the bricks delivered for any part of the project, and that Townsley, who should assist in procuring petitions and in the building of the road with brick, should receive one cent per square yard from the company whose bid for the supply of brick should be accepted. It was alleged to have been a part of the trust agreement that each brick company should become bidders for supplying the brick for the project, and that whatever company secured the contract should assume the obligations with Oswald and Townsley, and carry out

13—117 KAN.

the unlawful agreement. It was further alleged that bids were made and contracts were awarded to the Pittsburg Paving Brick Company and the Coffeyville Vitrified Brick and Tile Company, and performance of the contracts was at once entered on by these companies. Later each of these companies sent money to their representative in Hutchinson which was paid to Oswald and Townsley. The payments were of considerable amounts, and were made by means of check to the order of the representative of the company, who deposited them to his own account and issued his personal checks to Oswald and Townsley. No record was made of these transactions, no letter was sent with the checks, nor any explanation inclosed in the envelopes which contained the checks. It was further alleged that the carrying out of the trust agreements and the payment so made as provided in the agreements greatly increased the cost of the brick to the consumers.

A motion for a change of venue was made and also a plea in abatement was filed, both based on similar grounds, to the effect that the grand jury finding the indictment had been improperly selected, that the trial judge had been guilty of misconduct in the selection, and it was desired he should be used as a witness in the case. The motion for a change of venue was denied and the plea in abatement overruled. A few days later, when the case was called for trial, the county attorney and two assistant attorneys-general representing the state, and also counsel for all the defendants, announced to the court that they had been in conference and had agreed upon a statement of facts which they had reduced to writing and on which the cause would be submitted. It was announced that they had agreed that the prosecution should be dismissed as to all of the individual defendants who were officers of the several corporate defendants. The assistant attorney-general remarked that after an examination of the transcript of the testimony before the grand jury, he deemed that the interest of the state would be best subserved by submitting the case upon the agreed statement, that it had developed during the conference that only the two brick companies, the Pittsburg Paving Brick Company and the Coffeyville Vitrified Brick and Tile Company, were involved, because the statute of limitations had run in favor of the Buffalo company; that so far as Townsley was concerned the testimony showed that his compensation came from the Chamber of Commerce or Good Roads Association, and not from the brick companies. Further that admis-

sions had been made by the defendants in the agreed statement which the state would not be able to establish. The agreed statement was not read to the court, but a brief statement of its contents was made by one of defendants' counsel. The court inquired whether all of the brick companies executed the agreed statement, and was informed that the Buffalo company had not for the reason it was conceded that the statute of limitations had run against that company, as shown on the face of the indictment. The court then stated that he would want all of the brick companies' signatures to the agreed statement of facts, and thereupon counsel for the brick company signed the agreed statement of facts and the court thereupon accepted the agreed statement, whereupon pleas of not guilty were entered and also a waiver of trial by jury. The court made the following notation on his minute docket:

"Oct. 11-21. Arraignment waived and plea of not guilty entered by all of the defendants. Case submitted on agreed facts; jury waived."

Thereupon the agreed statement was filed, and immediately following the defendants filed their joint and several demurrers, setting forth a number of reasons that the facts stated were not sufficient to constitute an offense; that the evidence adduced was insufficient to prove the offense charged or attempted to be charged, and that to find the defendants or any of them guilty under the indictment upon the facts and the imposition of a penalty against them would be violative of several provisions of the constitution of the United States.

On the day following the submission of the case the judge called counsel for the parties before the court and announced that he had determined to set aside the submission mentioned, because of a misunderstanding of the court that the submission had been made upon the theory that all of the defendants had joined in it, which the court said appeared to be erroneous. Whereupon the court set the same aside and fixed a time about two months later for another trial. The defendants objected to the setting aside of the submission, upon the ground that jeopardy had already attached and they could not be subjected to a second trial. Besides they insisted that they would be prejudiced in another submission, as they had made admissions in the agreed statement in order to effect an agreement with counsel for the state, and that these admissions had already been published in the newspapers, which would operate to their prejudice in a second trial of the cause. All objections were overruled

by the court and the plea of former jeopardy was denied. In the resubmission of the case the court advised the jury that all the defendants had been dismissed from the case except the Pittsburg Paving Brick Company and the Coffeyville Vitrified Brick and Tile Company, and these defendants were convicted, notwithstanding the alleged jeopardy to which they had been subjected.

Error is assigned on the overruling of the plea of former jeopardy. Did jeopardy attach in the first submission of the cause? The offense charged in the information is a misdemeanor, triable by the court with or without a jury. (R. S. 62-1401.) The prosecution against appellants began, proceeded to arraignment, to pleas of not guilty, to waiver of jury, to presentation of the agreed facts, the acceptance of these by the court as the controlling facts, and the sufficiency of these facts to constitute the offense charged were brought to the attention of the court on the demurrer of the defendants. Our constitution expressly provides that no person shall be twice put in jeopardy for the same offense, and it is well settled that a person is in jeopardy when he is regularly charged with a crime before a court of competent jurisdiction and a trial has commenced. In *The State v. Reed,* 53 Kan. 767, 770, 37 Pac. 174, it was said that:

"It is true that the jeopardy of the defendant began when the jury were impaneled and sworn and the reception of evidence was commenced, and it is also true that the discharge of the jury without the consent of the defendant, and without sufficient reason, will ordinarily bar a further trial." (See, also, *The State v. Stiff,* post, p. 243.)

So far as jeopardy is concerned, the commencement of a trial without a jury must be deemed the equivalent of one begun with a jury. The peril of jeopardy arises before a judge acting alone under the same circumstances as before a judge and jury. The submission of the case on the agreed facts advanced the trial to the stage reached in a trial with a jury where the testimony of all the witnesses of both parties had been taken and presented to a duly impaneled jury which had taken the weight and effect of the evidence under consideration. (*City of Olathe v. Adams,* 15 Kan. 391; *The People v. Miner,* 144 Ill. 308; *The State v. Brown,* 45 Minn. 145; *Trittipo v. The State,* 13 Ind. 360; 8 R. C. L. 136.) The defendants' jeopardy having begun, the discontinuance of the case thereafter during the trial without the consent of the defendants and without a sufficient legal reason operated as a bar to another prosecution for the offense charged. Here there was nothing approaching a consent of the defendants. The setting aside of the first trial so far as it had gone

was done over the objection of the defendants. What are sufficient reasons for arresting a trial once begun before verdict or judgment has been the subject of consideration in earlier cases, and it has been held that where the trial is stopped before it is completed, without good reason, the defendant cannot be again tried for the offense charged. (*The State v. Reed*, surpa; *The State · v. Allen*, 59 Kan. 758, 54 Pac. 1060; *The State v. Stiff*, supra.) See, also, *The State v. Smith*, 44 Kan. 75, 24 Pac. 84. In *The State v. Allen*, supra, it was decided:

"Where a defendant has been placed upon trial on a criminal charge and the jury is duly impaneled and sworn, the court cannot arbitrarily discharge the jury before a verdict is returned; and a discharge in such case, unless an absolute necessity, and for reasons which are sufficient in law, will operate as an acquittal."

"The essential facts upon which the discharge is based, and the finding of the court thereon, must be entered of record, and unless the record shows the existence of such facts and the decision of the court thereon, and that they constitute sufficient grounds for discharge, the defendant cannot again be put on trial for the same offense." (Syl. ¶¶ 1, 2.)

Before there can be a discharge of a jury during a trial or an ending of a trial after the guilt or innocence of the accused has been submitted, there must exist an overruling necessity for such discharge or discontinuance. No such reason existed here. The trial judge gave as his reason for terminating the trial that he had understood that all of the defendants had joined in the agreed statement which had been accepted on the previous day, but that he had since learned that all had not done so. It appears that when the submission was presented the court inquired if all had signed it, when it was stated by counsel that the Buffalo Brick Company had not done so because it was conceded by the prosecution that the offense charged against it in the indictment was barred by the statute of limitations. However, to avoid any question, the signature of that company was then attached to the statement. The only persons thereafter prosecuted under the indictment were the two appealing defendants. The prosecution of all the others was abandoned by the state, and this is made manifest where the court in the submission of the case on the second trial informed the jury that all parties other than the appellants had been dismissed from the case. Instead therefore of an absolute and overweening reason for ending the first trial, it appears that no real reason existed for ending the trial. It clearly appears that the defendants were in jeopardy

when the case was first submitted and the court had taken their guilt or innocence under consideration. The trial involving their jeopardy was ended without fault upon their part and against their objection. The unnecessary and unwarranted termination of the first trial prevented a further prosecution, and therefore the plea of jeopardy advanced by defendant should have been sustained.

The judgment of the district court is reversed and the cause remanded with directions to discharge the defendants.

HOPKINS, J., not sitting.