THE STATE OF KANSAS v. EMERY ALEXANDER.

No. 13,416. (72 Pac. 227.)

SYLLABUS BY THE COURT.

1. ROBBERY—*No Variance.* The information in this case charged robbery in the first degree in the taking from the person of another, by force and violence, a lady's gold watch and chain. The proof showed the watch to be a lady's gold-filled-case watch. *Held,* no variance.

2. ——— *Extent of Injuries Admissible.* The evidence relied on to sustain the charge of robbery was circumstantial. It was not error to show the extent of the injuries inflicted on the person robbed for the purpose of showing that force and violence were used in the commission of the robbery.

3. CRIMINAL PRACTICE—*Disagreement of Jury—Former Jeopardy.* The record of a former trial reads: "The said jury by order of the court were brought into open court, and it appearing to the court that the said jury are unable to agree upon a verdict, and that there is no reasonable probability of their being able to agree upon a verdict, they are discharged from further consideration of this case." This record sufficiently shows a disagreement of the jury, and a plea of former jeopardy based thereon was properly overruled.

Appeal from Brown district court; WILLIAM I. STU-ART, judge. Opinion filed April 11, 1903. Affirmed.

*C. C. Coleman*, attorney-general, and *W. F. Means*, county attorney, for The State.

*Buckles & Pearl*, for appellant.

The opinion of the court was delivered by

POLLOCK, J.: On Sunday evening, November 3, 1901, persons returning from church services in the city of Hiawatha about nine o'clock discovered one T. C. Horr sitting upon the steps of the Central school building in that city, in a semiconscious condition, bruised, wounded, and bleeding. Further investigation disclosed the place where the injury had been received; that the wounds had apparently been made with a blunt instrument; and that a lady's watch and chain which he had carried were missing from his person. It further appeared that Horr had arrived in Hiawatha the day before; had deposited a sum of money with the clerk at the hotel where he stopped and had taken a receipt therefor. This receipt was found near where the injury was received. Emery Alexander, the appellant, Herman Maxie and William Suggs were arrested and jointly charged with the offense of robbery in the first degree. A *nolle prosequi* was entered as to Maxie and Suggs. Alexander was tried, convicted and sentenced for robbery in the first degree, and appeals.

The first contention made by counsel for appellant is that the evidence is wholly insufficient to uphold the conviction. The record discloses that Horr had been drinking heavily prior to the occurrence, and claimed upon the trial to have no recollection of any-

thing which occurred at, or for hours prior to, the commission of the offense. Hence, the evidence obtainable to secure a conviction was almost wholly circumstantial. The proof that Horr when found, was wounded, bleeding, his nose broken, an eye knocked out, the receipt taken from his person, and the watch and chain gone, sufficiently established the fact that he had been assaulted and robbed by some person. The further testimony that Maxie, Suggs and appellant were associates; that appellant was seen talking with Horr on the day of the occurrence, and in the evening told Maxie there was an old man up town who had some money and asked Maxie to help him get it; that when appellant and Maxie went up town and Horr was seen standing on the street appellant said to Maxie, "There is the old fellow now," and called Horr off and had some conversation with him; that when appellant and Maxie separated appellant said to Maxie, "Well, if you hear anything don't say anything about it"; that soon after the crime must have been committed appellant brought to the livery barn a lady's watch such as that carried by Horr, and turned it over to Suggs; and that three men were seen going in the direction of the place where the offense was committed shortly before it must have transpired, affords ample proof of appellant's connection with the commission of the offense and the probable connection of the others with its commission.

Again, it is contended that, as the information charges the taking of a lady's gold watch and chain and the proof shows the watch taken was a lady's gold-filled-case watch, there is a fatal variance between allegation and proof. We think such variance between allegation and proof in this case wholly unimportant, as only an actual examination by one ex-

The State v. Alexander.

perienced in such matters could distinguish the difference.

Further complaint is made of the reception of evidence tending to show the extent of the injuries received by Horr. As the charge was the taking of property belonging to Horr from his person by violence, and, as has been seen, the state was compelled to rely upon circumstantial evidence to sustain this charge, it was proper to show the extent and nature of Horr's injuries as tending to prove that violence was used in the commission of the offense.

Again, it is contended that the court erred in its charge to the jury, and particularly in not instructing the jury fully as to what constitutes an accessary. Upon this proposition the court instructed in the language of the statute. This statute is plain, simple, and easily understood. There was evidence to support such instruction. We have examined the instructions and find no error in the same.

There had been a prior trial of this case at which the jury had disagreed. The record discharging the jury upon such disagreement reads as follows :

"The said jury having heard the evidence adduced and having been instructed in writing by the court, and having heard the argument of the counsel, retire on the 11th day of February, 1902, in charge of a sworn officer, to deliberate upon their verdict. And afterwards, on the 12th day of February, 1902, the parties being present as on the trial of said cause, the said jury by order of the court were brought into open court, and it appearing to the court that the said jury are unable to agree upon a verdict, and that there is no reasonable probability of their being able to agree upon a verdict, they are discharged from further consideration of this case."

A plea of former jeopardy was entered and over-

ruled.   It is contended that this is error.   In support of this contention the cases of *The State v. Allen,* 59 Kan. 758, 54 Pac. 1060, and *The State v. Start,* 62 id. 111, 61 Pac. 394, are cited.   An examination of those cases will show that they are not authority here.   Here an actual disagreement of the jury is made to appear to, and found by, the court, and the discharge of the jury on account of such disagreement is shown by the record.   Such record is sufficient.

Judgment affirmed.

All the Justices concurring.