THE STATE OF KANSAS V. C. G. PARKHURST.
No. 15,067.   (87 Pac. 703.)

### SYLLABUS BY THE COURT.

INFORMATION — *Robbery* — *Duplicity.*   Where an information charges, in one count, robbery in the first degree, and, in describing the assault, charges facts which constitute the crime of an assault with a deadly weapon with intent to rob, such information is not by reason thereof bad for duplicity.

Appeal from Riley district court; SAM KIMBLE, judge. Opinion filed November 10, 1906. Affirmed.

*C. C. Coleman,* attorney-general, *A. M. Story,* county attorney, and *C. B. Daughters,* for The State.

*Robert J. Brock,* and *Alvin R. Springer,* for appellant.

The opinion of the court was delivered by

SMITH, J.: The appellant was tried, convicted and sentenced for the crime of robbery in the district court of Riley county, and appeals therefrom to this court. Our attention is first called to the information, and it is urged that it is bad for duplicity, in that it charges two felonies in one count—one of an assault with a deadly weapon with intent to commit robbery, under section 38 of the crimes and punishments act (Gen. Stat. 1901, § 2023), the other of robbery in the first degree, under section 73 of that act. (Gen. Stat. 1901, § 2064.) The objection is not well taken. An assault with intent to rob might be regarded as the first step, and an assault with an attempt to rob as the second step, toward the completion of the crime of robbery in the first degree. They are essentially crimes of the same character, if not logically grades of the same crime. Where only the higher degree of crime is specifically charged an information is not bad for the reason that it charges facts which would, if established, justify a conviction

for another crime of like nature but of a lower grade, especially where such facts are ingredients of each crime. (*The State v. Hodges,* 45 Kan. 389, 26 Pac. 676.)

In complaining that the money alleged to have been taken was not described with sufficient certainty the appellant asks us to assume that the money said to have been in the possession of the county attorney at the time he drew the information was the identical money taken. The testimony of, the appellant and his whole contention was that there was no money taken. He does not seem to have been prejudiced.

The alleged variance between a "gold filled watch" and a "gold watch" is fully answered adversely to appellant in *The State v. Alexander,* 66 Kan. 726, 72 Pac. 227.

We have examined the complaint made as to the admission of improper testimony and find nothing to merit extended consideration. The evidence complained of was mainly intended to show the degree of force used, and on a trial for robbery this is a proper subject of proof. (*The State v. Alexander, supra.*)

Complaint is made of the giving of certain instructions and of the refusal to give others requested by appellant. No attempt is made to comply with the requirements of rule 10 of this court, and since attention has so frequently been called to this matter we would be justified in ignoring the objections. The great number of cases decided at each session render it impossible for each member of the court personally to read the entire record of each case, as there is only one copy of the record provided. Each member, however, is provided with copies of the briefs in each case, and if rule 10 be complied with each member may easily gain an intelligent understanding of the questions involved and the business of the court be thereby greatly facilitated. In a case of this importance, however, we are unwilling rigidly to enforce the rule, and have, in fact, examined

all the instructions and requests to which our attention is called.

It is contended, in objection to instruction No. 4 given by the court, that it limits the consideration of the jury to one degree of the crime of robbery, viz., the first degree. It is said that the charge embraces an attempt to rob, larceny from the person, and grand and petit larceny. If it be admitted that the charge does embrace these crimes, it must be conceded that the evidence does not. The only evidence of larceny is connected with the assault, and is entirely circumstantial as to the identity of the thief. It is that when assaulted and beaten into insensibility the prosecuting witness had the money, and his assailant, the appellant, was the only person present, and that when the next person who is known to have come into the presence of the prosecuting witness arrived there the money and the watch were gone. There is no evidence that appellant attempted to take the articles and failed, and no evidence that he took them, except the circumstances connected with the assault and the subsequent possession of like articles by him. He was guilty of robbery in the first degree if guilty of any of the minor crimes specified, and hence the contention cannot be maintained.

We have examined all of the requests for further instructions submitted by the appellant and find that so far as they are correct statements of the law they are embodied in the instructions given by the court.

The appellant appears to have had a fair trial and to have had accorded to him every legal right, and the judgment of conviction is affirmed.

All the Justices concurring.