THE STATE OF KANSAS, *Appellee*, V. JOSEPH HOLMAN, *Appellant*.

No. 18,485.

SYLLABUS BY THE COURT.

1. INFORMATION—*Assault with Intent to Commit Rape—Sufficient*. An information for assault with intent to commit rape is sufficient without containing the word "assault" where it states acts constituting an assault followed by averments that they were done with intent to commit rape.

2. CRIMINAL TRIAL—*Conduct of Attorney*. Statements in the argument of a prosecuting attorney directing the special attention of the jury to an instruction relative to the defendant's failure to testify considered and criticised, but held in view of all the evidence not to justify a reversal.

Appeal from Crawford district court. Opinion filed June 7, 1913. Affirmed.

*D. H. Woolley*, and *E. E. Haney*, both of Girard, for the appellant.

*John S. Dawson*, attorney-general, and *A. B. Keller*, county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The motion to quash the information was properly overruled. An "assault" has been variously defined as:

"An attempt to commit a violent injury upon the person of another;

"An attempt to offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote, at the time, an intention to do it, coupled with a present ability to carry such intention into effect;

"An offer or attempt to do a corporal injury to another." (3 Cyc. 1020, 1021; see, also, 1 Words & Phrases, pp. 532-538.)

The information states the facts, showing what defendant did, which any person of ordinary intelligence

knows constitutes an assault, and further alleges that these acts were committed by him with the intent to commit a rape upon the person of the complaining witness. Section 41 of the crimes act (Gen. Stat. 1909, § 2529), under which the defendant was prosecuted, does not require that the information use the word assault. It is sufficient to allege acts constituting an assault followed by an averment that they were done with the intent to commit an offense enumerated in that section of the act.

The only serious question presented by the appeal is this: The defendant did not testify. The court gave the following instruction:

"Under the law of this state the defendant is a competent witness to testify in his own behalf, but he is not obliged to do so; and the fact of his not so testifying is not to be considered or construed by you as in any manner affecting the defendant's guilt or innocence in this case."

In the argument an attorney who assisted the county attorney in prosecuting the case read the foregoing instruction very carefully to the jury and said to them:

"I want you to take this instruction to the jury room and consider it, and want you to consider it very particularly because it is very important."

It is insisted that the purpose and effect of the statement was to direct the jury's attention to the failure of the defendant to take the witness stand in his own behalf. We confess that we are unable to discover any other excuse for the statement. As a general rule any instruction which the court has given is a proper subject of comment by an attorney in the argument; but the obvious purpose here was not commendable.

The evidence of the defendant's guilt is so plain that we do not feel warranted in holding that the matter was prejudicial, and the judgment will be affirmed.