No. 20,634.

THE STATE OF KANSAS, *Appellee*, v. BARNEY KIMBLE, *Appellant.*

SYLLABUS BY THE COURT.

1. STATUTE—*Subject—Title Sufficient.* Section 52 of the act relating to roads and highways (Laws 1911, ch. 248) provides for the punishment of anyone who willfully obstructs any road drain, which subject is within the scope of the title of the act.

2. APPEAL AND ERROR—*No Error in Record.* Assignment of trial errors examined and held to be without substantial merit.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed July 8, 1916. Affirmed.

42—98 KAN.

*F. L. Williams, James L. Hogin,* both of Clay Center, and *Ambrose M. Johnston,* of Manhattan, for the appellant.

*S. M. Brewster,* attorney-general, and *Charles Hughes,* county attorney, for the appellee; *James V. Humphrey,* of Junction City, of counsel.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted of willfully obstructing a road drain and appeals.

The statute reads as follows:

"That if any person shall willfully demolish, throw down, alter or deface any milestone or guideboard on or at the forks of any roads, or shall willfully obstruct any such road drain or drains, by any means or in any manner whatever, every person so offending shall on conviction be adjudged guilty of a misdemeanor." (Laws 1911, ch. 248 § 52.)

Formerly the section quoted read as it does now except that the words "drain or drains" did not appear. In the general revision of the road laws in 1911 those words were inserted. The title of the revisory act reads, "An act in relation to roads and highways."

It is said that the revised section should read as if a comma were inserted after the word "road," which should be interpreted as a noun and not as an adjective modifying the words "drain" and "drains." To this the court agrees. It is said that the word "such" should refer to something previously particularized in the same section. To this the court does not agree. It is said that if the act as a whole be searched nothing specific relating to drains can be found to which the word "such" can apply. To this the court does not agree, but for the moment let it be conceded that the word "such" refers to the word "road" and that the statute means "If any person . . . shall willfully obstruct any . . . drain or drains," he shall be guilty of a misdemeanor. It is said that if this be the meaning of the provision it is not within the title of the act. Again the court disagrees. The title is broad enough to include everything the legislature desired with reference to the subject of roads, including drainage and punishment for obstructing road drains, which everyone knows are necessary features of road construction and maintenance. But it is said if this be

true the act is too general to be enforced and includes obstruction of private drains and a number of others. Whatever the act includes, it includes obstruction of road drains, the only subject of concern to the defendant. The question whether or not the act extends to other drains may wait for determination until raised by some one who might be affected.

Complaint is made that the court refused to give a requested instruction relating to the liability of the defendant in case the obstructions which he placed in the ditch were placed there for a temporary purpose and with an intention to remove them as soon as that purpose was subserved. The instruction was given, with some additions which the court regards as entirely proper.

Complaint is made of the instruction just referred to and some other instructions given. No useful purpose would be subserved in printing the instructions, stating the evidence on which they were founded, and stating the criticisms of the defendant. The criticisms have all been considered. There was no question of abatement of a nuisance in the case, which involved nothing but the obstruction of a drain, which was confessed, and the intent which characterized the act. The instructions were very liberal to the defendant. No burden whatever was placed on him to establish any fact essential to his acquittal and none of his substantial rights was otherwise prejudicially affected.

It was not error to allow the county commissioners to sit with the county attorney throughout the trial, although they were also witnesses in the case.

The judgment of the district court is affirmed.