No. 21,750.

THE STATE OF KANSAS, *Appellee*, v. W. L. WRIGHT, *Appellant.*

SYLLABUS BY THE COURT.

1. MISDEMEANOR—*Information—Proof—Variance Not Fatal.* A variance between the evidence and an unnecessary and immaterial allegation in an information charging a misdemeanor will not compel a reversal of a judgment of conviction.

2. SAME—*Damming Surface Water—Overflowing Highway.* Consent of township officers that a dam may be constructed by the side of a public highway, by a property owner, so as to prevent surface water from flowing over his land, does not give a right to maintain the dam after sections 4050 and 8806 of the General Statutes of 1915 took effect, where the dam causes such water to cover the road and interfere with travel thereon.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed October 12, 1918. Affirmed.

*R. M. Hamer,* and *H. E. Ganse,* both of Emporia, for the appellant.

, *S. M. Brewster,* attorney-general, and *Harry E. Snyder,* county attorney, for the appellee; *M. B. Nicholson,* and *W. J. Pirtle,* both of Council Grove, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a conviction for willfully obstructing a public highway. He was charged with so obstructing it "by damming up and obstructing the waters of a natural watercourse running across the public highway." The evidence showed that the defendant built a dam, or dike, across a depression that carried surface water, but that the depression was not a natural watercourse. The evidence also showed that the dam caused the water to cover the road and interfere with travel thereon.

1. The defendant argues that because the place where he built the dam was not a natural watercourse, the judgment of conviction cannot stand. He contends that there was a fatal variance between the charge contained in the information and the evidence introduced to support that charge. This matter

was presented to the trial court by a motion to discharge the defendant, by requesting the court to instruct the jury to find the defendant not guilty, and by a motion for a new trial—all of which were overruled.

There are two sections of the General Statutes of 1915 under which this action may have been brought. The first is section 4050, which, in part, reads:

· "A lower owner or proprietor shall not construct or maintain a dam or levee for the purpose of obstructing the flow of surface water onto his land to the damage of the adjacent upper owner or proprietor. . . . *Provided*, That the provisions of this act shall apply only to lands used for agricultural purposes and highways lying wholly outside the limits of any incorporate city."

The court instructed the jury under this section. The other section is section 8806, which, in part, reads:

"If any person shall willfully . . . obstruct any such road [,] drain [,] or drains, by any means or in any manner whatever, every person so offending shall on. conviction be adjudged guilty of a misdemeanor, and be punished," etc.

(For the punctuation of this section, see *The State v. Kimble,* 98 Kan. 657, 158 Pac. 1113.)

The information was good under either of these sections. The allegation concerning the natural watercourse was unnecessary and immaterial, and was surplusage. There was a variance between the pleading and the proof on this point, but that variance was not fatal. It was wholly immaterial, and was not in any way prejudicial to any right of the defendant. (*The State v. Williams,* 60 Kan. 837, 58 Pac. 476; *The State v. Deuel,* 63 Kan. 811, 66 Pac. 1037; *The State v. Alexander,* 66 Kan. 726, 72 Pac. 227; *The State v. Parkhurst,* 74 Kan. 672, 87 Pac. 703.)

2. Another proposition argued by the defendant, but one that is closely connected with the one that has been discussed, is that the defendant had the right to maintain the dam, for the reason that when it was first built, prior to 1911, the road officers of the township consented to the defendant's constructing the dam and maintaining a ditch, by the side of the highway, to prevent the surface water from flowing over the defendant's land. The difficulty with this argument is that the consent of the officers given prior to the passage of the act

quoted did not authorize the defendant to violate either of those laws after they took effect. In addition to this, the defendant, after these laws took effect, maintained the dam and made repairs on it, although the road overseer had cut the dam after he told the defendant that he was going to do so. That argument is not good.

The judgment is affirmed.