The State v. Bolton.

---

## No. 24,113.

THE STATE OF KANSAS, *Appellee*, v. CLARENCE BOLTON, *Appellant*.

### SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Larceny—Evidence of Accomplice*. The fact that a witness was an accomplice in the commission of the crime charged, goes to the credibility of his evidence and not to its competency, and if the jury are fully convinced of the truth of his testimony and are fully satisfied that it is sufficient to establish the guilt of the defendant, they may convict upon the uncorroborated evidence of the accomplice.

2. SAME—*Evidence Supports Conviction*. The evidence examined and held to be sufficient to support the conviction of defendant.

3. SAME—*Instruction*. A questioned instruction is held to be without material error.

Appeal from Rice district court; DANIEL A. BANTA, judge. Opinion filed June 10, 1922. Affirmed.

*Eustace Smith*, and *Don Shaffer*, both of Hutchinson, for the appellant.

*Richard J. Hopkins*, attorney-general, and *Ben Jones*, county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Clarence Bolton was convicted upon a charge of the larceny of an Exide battery. In his appeal he contends that

the verdict was not sustained by the evidence. The testimony for the state was to the effect that in the early part of October, 1921, defendant and four others went from Lyons to Little River in a Ford car owned and driven by the defendant. While riding about Little River defendant directed those with him to get a battery for his car, saying that if they did so he would make it right with them. Two of them acting upon his suggestion, tried to take a battery from a car pointed out, but they were interrupted and one of them said "We about got caught and gave it up." Defendant then told them to go over to a certain place and try and take a battery from another car. Two of them went to the place designated, where the car of Doctor Bush was parked, and while one Nordstrom was detaching the battery another of the party named Colberg stood guard. While they were engaged in taking the battery and in hiding it behind a church, the defendant drove his car about the town and shortly afterwards returned to the place where others of the company were, took them into the car, drove to the church where the stolen battery was left and when it was loaded into his car the defendant and his companions drove back to Lyons. On the way back the defendant remarked that the battery taken was an Exide battery. When they arrived in Lyons the battery was taken into the shop of the defendant's garage. There defendant got tools and removed the name plate from the battery. In his testimony defendant stated that the battery in his possession alleged to have been stolen was given to him by a tourist for repairs he had made on the car of the tourist. There is no lack of incriminating testimony. That produced by the state was mainly given by those who accompanied the defendant and had a part in the larceny. It is argued that as the witnesses were accomplices in the crime, their uncorroborated testimony will not sustain a conviction. The rule invoked has no application in Kansas. It has long been settled that the uncorroborated testimony of an accomplice is legally sufficient to sustain a verdict. The evidence of an accomplice is as competent as that of any other and his participation in the offense only goes to his credibility. For obvious reasons the testimony of an accomplice is to be cautiously scrutinized, but if it is otherwise sufficient and fully satisfies the jury of the defendant's guilt, a verdict may be based upon his unaided testimony. (*The State v. Patterson,* 52 Kan. 335, 34 Pac. 784; *The State v. Bratcher,* 105 Kan. 593, 185 Pac. 734; *The State v. McDonald,* 107 Kan. 568, 193 Pac. 179.)

There is no complaint of the instructions given by the court as to the caution to be used in accepting and acting upon the uncorroborated testimony of accomplices, and the fact that the witnesses against defendant had participated in the commission of the crime charged was brought to the attention of the jury with the admonition that such participation should be considered in determining the weight and credit to be given their testimony.

Complaint is made that the value of the property stolen was not sufficiently established. There was testimony and enough of it to show that the value of the battery taken exceeded $20, the amount essential to the offense of grand larceny. The market value of a new battery was shown to be $25 and the one in question had only been used for a few days. One witness did place a valuation of $18 upon it, but the testimony of another fixed it at $25 and the jury was warranted in finding that its value was more than $20.

Objection was made to an instruction in which the jury were told that inquiries had been made on cross-examination of defendant and one Diggs as to the commission of other offenses, and that such testimony could be considered for no other purpose than as it might affect the veracity and credibility of the witnesses. For this purpose the evidence was admissible, and it became the duty of the court to tell the jury what application could be made of the testimony. (*The State v. Pfefferle*, 36 Kan. 90, 12 Pac. 406; *The State v. Bowers*, 108 Kan. 161, 194 Pac. 650.) The defendant admitted that he had previously committed thefts other than the one charged, but Diggs in his testimony denied that he had participated in other offenses about which inquiry was made. It is contended that a reference by the court to the inquiry of Diggs was improper. In view of the denial of Diggs the reference to him might well have been omitted, but as there was no testimony or admissions of misconduct or guilt, the mention of him in the instruction cannot have been prejudicial.

Judgment affirmed.