No. 31,303

THE STATE OF KANSAS, *Appellee*, v. LULU MARTIN, *Appellant*.

(29 P. 2d 1103.)

Opinion filed March 10, 1934.

*Elisha Scott* and *James A. Davis*, both of Topeka, for the appellant.

*Roland Boynton*, attorney-general, *Everett E. Steerman*, assistant attorney-general, and *Lester Goodell*, county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Lulu Bayless Martin was charged with and convicted of having possession of intoxicating liquor and also of maintaining a nuisance at a place in Topeka. Defendant has appealed.

There was testimony that she used a friend, Mrs. Seavers, to rent a house for her in which liquor was kept and defendant furnished the money to pay the rent. Liquor was purchased and stored there. When purchasers came to the home of the defendant and asked for liquor, defendant would give Mrs. Seavers the key with directions to go to the house on Adams street where liquor was procured and then taken to the home occupied by the defendant. Mrs. Seavers was a witness in the case and testified to the renting of the house, the storing of liquor there and that she got it under the direction of the defendant; and while the witness might have been subject to prosecution as an accomplice or for aiding and abetting the sales by defendant, she was not charged with those offenses; and the further fact that her credibility may have been affected by earlier convictions for violations of the liquor law did not destroy her testimony as to the defendant. Whether her testimony as to the part she had in the transactions was true or not was for the jury to determine. She was a competent witness and her testimony was abundantly sufficient to sustain the convictions.

No complaint is made of the instructions given at the trial, and while Mrs. Seavers may have been subject to prosecution for her participation in the handling of the liquor as an accomplice, it has been held that—

"The fact that a witness was an accomplice in the commission of the crime charged, goes to the credibility of his evidence and not to its competency, and if the jury are fully convinced of the truth of his testimony and are fully satisfied that it is sufficient to establish the guilt of the defendant, they may convict upon the uncorroborated evidence of the accomplice." (*State v. Bolton,* 111 Kan. 577, syl. ¶ 1, 207 Pac. 653.)

Although challenged for sufficiency, the evidence is deemed to be sufficient to sustain the verdict of the jury.

It is said that error was committed in allowing the state to amend an information by striking out the figures 719. It appears to have been done before the jury were impaneled. Besides, an amendment of substance as well as of form is permissible after a plea, and some have been made and sustained after one trial had been had and a new trial has been granted. (*State v. Morris,* 131 Kan. 282, 291 Pac. 742.)

A reading of the record, such as it is, discloses no error and, therefore, the judgment is affirmed.