No. 32,959

THE STATE OF KANSAS, *Appellee,* v. CLARENCE COFFEY, *Appellant.*

(65 P. 2d 253)

Opinion filed March 6, 1937.

*H. Allen Hale,* of Topeka, for the appellant.

*Clarence V. Beck,* attorney general, *Theo. F. Varner,* assistant attorney general, and *Lester M. Goodell,* county attorney, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: The defendant, Clarence Coffey, was prosecuted upon a charge of stealing 17 geese, of the alleged value of $30, belonging to Robert Billard. He was found guilty of grand larceny, and appeals from the judgment of conviction.

The farm of Robert Billard is located just east of, and adjacent to, the city of Topeka, "just across the street from the city." On November 26, 1935, his flock of 17 geese did not appear at the usual feeding time. A search was instituted and 11 of the geese were found dead, concealed in the brush along the edge of the farm some distance from the house. Each had been shot with a small-caliber rifle. The county officers were notified and the sheriff, two deputies, Mr. Billard and his hired man concealed themselves in the cornfield near the pile of geese and awaited developments. About 9 o'clock p. m. three persons approached the spot where the geese were located. One was heard to remark, "Here they are," and when the officers turned on a flashlight one of the three men was found to be bending over the pile of dead geese. The defendant, Coffey, being one of the three persons, attempted to escape, but was captured. Each of the three persons had a gunny sack on his person.

Immediately thereafter a search was made of the home of the defendant, where another goose and a chicken were found concealed in a pile of old clothes. Each had been shot with a rifle of small caliber. At the home of the defendant's mother another goose was found which appeared to have been shot with a rifle of the same caliber—a strong inference the goose was stolen, and was not the mother's goose. The other five of the 17 geese were not accounted for. The jury by their verdict found the value of the geese to be $21.80.

Appellant contends that the value of the geese in question was not sufficiently proved by the state to warrant a verdict of guilty of grand larceny, and consequently that the verdict is not supported by the evidence. Mr. Billard, the owner of the geese, testified that "the average weight of eleven was 10.7 pounds and a good many of them were partially picked." He also testified that the entire flock of 17 geese were, on the average, about the same size and weight except that there was one large one; that the total weight of all the geese was 182 pounds.

R. R. Baer testified that he was engaged in the poultry and

egg-packing business in Topeka, Kan., and that he had been in that business for thirty years. He further testified that on November 26, 1935, the day the geese were stolen, the fair market value of live geese in Topeka was around twelve cents a pound; that he was retailing live geese at thirteen and fourteen cents a pound, and that dressed geese were selling at that time and in that vicinity for eighteen and twenty cents a pound.

George Kerr, a witness called by the defendant, testified that he had been in the poultry business in Topeka for five years and that he was acquainted with the market value of geese on November 26, 1935, and that the market value on that day was ten cents a pound.

The main contention of the appellant appears to be that the real question at issue was the market value of the geese at the farm of Mr. Billard instead of the market value in the city of Topeka, and that the state failed to show the market value of the geese on the Billard farm on November 26, 1935.

We think the contention without merit. As shown above, the Billard farm adjoins the city of Topeka and for all practical purposes the market value in Topeka would control. This was, in fact, recognized by counsel for the defendant in the examination of defendant's witness, George Kerr, as shown by the following questions and answers:

"Q. Mr. Kerr, do you know what was the fair, reasonable market value of live geese in the city of Topeka on November 26, 1935? A. Yes, sir.

"Q. And what was it, Mr. Kerr? A. Ten cents a pound."

No attempt was made to prove by this witness the value of the geese on the farm. To compel the state to differentiate between the market value of a flock of geese on the west side of a road, which would be in the city of Topeka, and the east side of the same road, which would be the Billard farm, would be drawing a bead too fine for the practical administration of justice. The proof shows the defendant stole the geese. In order to reduce the crime from grand larceny to petty larceny defendant claims the testimony proved the value of the geese was under twenty dollars. Although the testimony of the witnesses on this point was conflicting, yet under the settled rule in this jurisdiction, it was the duty of the jury to weigh and reconcile the testimony and determine who spoke the truth, and that was done in this case. *(State v. Riner,* 143 Kan. 520, 54 P. 2d 990; *State v. Bolton,* 111 Kan. 577, 207 Pac. 653; *State v. Handler,* 142 Kan. 455, 50 P. 2d 977.)

Evidently the jury believed the witness Baer. The verdict was amply supported by the testimony. The defendant had a fair trial under proper instructions. Finding no error in the record, the judgment is affirmed.