No. 34,403

THE STATE OF KANSAS, *Appellee,* v. PAUL LINVILLE, *Appellant.*

(95 P. 2d 332)

Opinion filed November 10, 1939.

*Frederick G. Apt,* of Iola, for the appellant.

*Jay S. Parker,* attorney general, *A. B. Mitchell,* assistant attorney general, *Mitchell H. Bushey,* county attorney, and *J. C. Edwards,* of Iola, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from a conviction of simple assault. Defendant had been previously tried and convicted of manslaughter in the second degree. This court reversed that judgment for trial errors and remanded the case for retrial. (*State v. Linville,* 148 Kan. 142, 79 Pac. 869.) The first action was tried in Allen county,

where the alleged offense occurred. The retrial was had in Woodson county in response to a change of venue requested by the defendant. The subject of venue, however, is not involved in this appeal.

In the instant case a demurrer was lodged against the state's evidence on the ground *no* offense of any kind was established. The demurrer was sustained as to the charge of manslaughter in the second degree, but overruled as to the lesser offenses included within the greater charge, namely, manslaughter in the fourth degree and simple assault. Defendant was convicted only of the latter offense. The state has not cross-appealed and we need therefore consider only such portions of the record as pertain to the offense of simple assault.

Defendant first contends his demurrer should have been sustained even as to that offense. In the instant case we must again invoke the rule that in passing on a demurrer to the evidence, the court is concerned only with that evidence and reasonable inferences to be drawn therefrom which support or tend to support a cause of action or defense. (*Bray v. Cooper*, 145 Kan. 642, 646, 66 P. 2d 592.) We must also again invoke the rule that such evidence and reasonable inferences to be drawn therefrom must be considered in the light most favorable to the party adducing it. (*Walker v. S. H. Kress & Co.*, 147 Kan. 48, 75 P. 2d 820.) With these principles in mind we shall consider only such portion of the state's evidence as established or tended to establish the offense of assault. The substance of that evidence was:

Defendant operated a night club or roadhouse a short distance from the city of Iola. A man by the name of Ab Lanferman had frequented the night club on two occasions on the night in question. He first came there between the hours of ten and eleven o'clock. On his first visit he showed definite signs of intoxication, but appeared able to take care of himself. He returned at about one o'clock in the morning. He had been drinking and was talking loudly and was somewhat annoying to others in the place. He ordered some whisky, but instead of drinking it, he poured it out on the bar. The defendant went to the end of the bar where Lanferman was then standing and grabbed him by the arm and pushed him toward the door. He put his arm around Lanferman as they were going toward the door. Lanferman appeared to resent being taken out. Defendant appeared to be angry. The wooden door was not closed, but the screen door was closed. When they got to the door, Lanferman

swung around facing the defendant. When they were right in the doorway defendant had his left hand on Lanferman's shoulder, and with his right hand had pushed or shoved him backward through the doorway. There were three steps from the floor to the cement sidewalk, which was a distance of about two feet. Lanferman fell to the sidewalk and was lying on his back. Defendant rendered aid and called a doctor. Defendant advised a state's witness: He had "just put up with Lanferman enough." Lanferman was taken to a hospital. He was semiconscious over a period of about fifteen days and died.

A physician testified in substance:

He thought death was caused by a head injury at or near the base of the skull, probably brought about by the object on which Lanferman had fallen, but that the X ray did not reveal a skull fracture. Alcohol might have been one of the contributing causes of his death.

We are, of course, not now concerned with the exact cause of Lanferman's death, but only with the question whether an assault had been committed against his person. Our statutes, after defining other offenses against a person, conclude with G. S. 1935, 21-436, as follows:

"Any person who shall assault, or beat or wound another under such circumstances as not to constitute any other offense herein defined, shall upon conviction thereof be fined in a sum not exceeding five hundred dollars, or by imprisonment not exceeding one year."

In *State v. Holman,* 90 Kan. 105, 132 Pac. 1175, it was said:

"An 'assault' has been variously defined as:

"'An attempt to commit a violent injury upon the person of another;

"'An attempt to offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote, at the time, an intention to do it, coupled with a present ability to carry such intention into effect;

"'An offer or attempt to do a corporal injury to another.' (3 Cyc. 1020, 1021; see, also, 1 Words & Phrases, pp. 532-538.)"

Defendant urges a criminal intent is an essential element of the offense of assault and that no such intent was shown. It is true such intent is an essential element of the offense. (1 Brill's Cyclopedia Criminal Law, § 399.) In the instant case, however, there was an actual overt act and the intent may always be inferred from facts and circumstances which legitimately permit such inference. (1 Brill's Cyclopedia Criminal Law, § 399.) Furthermore, every

man of sane mind is presumed to intend the reasonable and natural consequences of his own acts. (*State v. Dull,* 67 Kan. 793, 798, 74 Pac. 235.)

Defendant contends he had the right to evict Lanferman. There was nothing in the evidence of the state which, as a matter of law, justified the manner in which Lanferman was evicted. Clearly, Lanferman was intoxicated. According to the evidence, he either stood directly in the doorway or very close to it. His back was toward the door. It was two feet from the floor to the concrete sidewalk. Defendant intentionally pushed or shoved Lanferman out of the place while his back was turned to the door. In 1 Brill's Cyclopedia Criminal Law, § 402, the rule is stated thus:

"A person may be guilty of criminal assault and battery if he intentionally does an act which, by reason of its wanton and grossly negligent character, exposes another to personal injury, and does in fact cause such injury."

Under the circumstances it was the province of the jury and not the duty of the court to determine whether defendant violated the above rule. The state contends its evidence disclosed defendant was guilty not only of assault, but of both assault and battery. The state has not cross-appealed and we pass that contention. The state's evidence clearly established an assault, and the demurrer was properly overruled.

In view of what has been said, we need not treat the second contention that the verdict is not sustained by the evidence and the law.

Defendant complains concerning the instructions. He contends that the court, after instructing the jury as to the elements of manslaughter in the fourth degree, failed to define the term "assault," and erroneously omitted the word "beat" from the assault statute. That part of the instruction was as follows:

"Section 21-436, General Statutes 1935, relative to the offense of simple assault, so far as it applies to the charge in this case, reads as follows:

"'Any person who shall assault, . . . or wound another under such circumstances as not to constitute any other offense herein defined, shall upon conviction thereof be fined in a sum not exceeding five hundred dollars, or by imprisonment not exceeding one year.'"

It is true the court might well have defined the term "assault" and advised the jury concerning the manner in which the defendant might have lawfully evicted Lanferman. It is not contended, however, that the state's argument to the jury on that subject was in any manner contrary to or inconsistent with a proper instruction

on that subject had an instruction been given. The record discloses no objection to the argument on behalf of the state. The record contains no specific objection to the instructions on any ground now urged. No fuller instructions were requested. It is not shown how the omission of the word "beat" from the assault statute, in view of the evidence, could possibly have prejudiced the defendant in a conviction of simple assault. It does not affirmatively appear the substantial rights of the defendant were affected by any of the alleged errors or defects relied upon. In the absence of such a showing we are not permitted to reverse the judgment. (G. S. 1935, 62-1718.) See, also, *State v. Reuter*, 126 Kan. 565, 566, 268 Pac. 845; *State v. Toelkes*, 139 Kan. 682, 684, 33 P. 2d 317; *State v. Hooper*, 140 Kan. 481, 482, 37 P. 2d 52.

The judgment is affirmed.