No. 39,835

STATE OF KANSAS, *Appellee*, v. JAMES PEASLEY, *Appellant*.

(295 P. 2d 627)

Opinion filed April 7, 1956.

*Grace S. Day,* of St. Joseph, Missouri, argued the cause, and *F. H. Dillenbach,* of Troy, was with her on the briefs for the appellant.

*Robert A. Reeder,* county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: The defendant, James Peasley, was arrested, tried, convicted and sentenced on charges of burglary and larceny in connection with such burglary. He appeals from the judgment and sentence and from the order overruling his motion for a new trial.

In view of the issues presented on appellate review, and because the defendant introduced no contradictory testimony, detailed reference to the factual situation on which his conviction depends is neither necessary nor required. Therefore, without attempting to relate all the facts, which we readily conclude were sufficient to permit the question of defendant's guilt or innocence to go to the jury, we shall now give our version, based on evidence coming from the lips of disinterested witnesses and two persons participating in the crimes, of the facts essential to a proper understanding of what was before the jury and the trial court at the time of the rendition of the verdict and judgment.

Sometime after 11 p. m. on the evening of Saturday, December 4, 1954, by previous conference and arrangement, the defendant and five other young men, all residents of St. Joseph, Missouri, left that city in an automobile and proceeded to Highland, Kansas, where they burglarized the Jay Hawk Cafe in which its then owner, one Mildred Miller, operated an eating establishment and maintained her living quarters. During the course of the burglary, in which all six men participated, a 17-inch Crosley TV set; a lady's wardrobe Samsonite suitcase; a set of plate silverware; a lady's yellow gold lapel watch; a travel alarm clock; five or six sets of costume jewelry; a yellow gold diamond wedding ring; and other items of personal property, owned by Miss Miller and on which she placed a true money value far in excess of $20, were taken from the restaurant building and placed in the automobile of the burglars, who then left Highland and returned to St. Joseph, where they went to an apartment, occupied by one of such burglars, and divided their loot.

Upon discovery of the burglary on the morning of Sunday, December 5, the authorities of Doniphan County reported it to the

police department of St. Joseph, Missouri, and gave them a list of the items missing from the cafe. Thereafter members of such department recovered the Samsonite suitcase from a St. Joseph pawnshop and apprehended James Saale, the individual who pawned the suitcase. At the same time they apprehended Marty Holliday, Saale's roommate, and upon a search of Holliday's room found a colored celluloid sheet which Miss Miller subsequently identified as the covering which had been affixed to the face of her TV set at the time it was stolen. Later, and in the course of the trial, the Samsonite suitcase as well as the colored celluloid sheet were identified as property taken from the cafe on the date of the burglary.

Following apprehension of Saale and Holliday the St. Joseph police learned that Eugene Dotson had transported a group of young men from St. Joseph to Highland on the late evening of Saturday, December 4, in an automobile. With this information they apprehended Dotson who immediately confessed to having participated in the burglary and gave them information which implicated James and David Saale, Holliday, James McGinley and James Peasley, whom Dotson knew as Jimmy McKeevor. Thereafter all the individuals above mentioned were turned over to the Doniphan County authorities. Subsequently the defendant, James Peasley, was arrested, charged with the crimes heretofore indicated and, upon trial by a jury wherein the facts heretofore related and others to be presently mentioned were established by evidence, convicted and sentenced to the State Penitentiary for the commission of such crimes. This appeal followed.

Two errors assigned and argued by appellant relate to alleged erroneous admission of evidence during the course of the trial. The first is that the court erred in admitting evidence of his having been convicted of a similar crime, i. e., grand larceny. In this connection we pause to point out the record discloses that the court in admitting such evidence advised the jury that it was being admitted to show a predilection toward the sort of crime with which appellant was charged, to show a tendency along that line, and not for the purpose of proving his guilt or innocence of the crime in question. The second is that the colored celluloid sheet, to which reference is made in the preceding factual statement, was erroneously admitted because it was obtained by unlawful search and seizure.

It is not required that we labor either of the foregoing contentions. As to the first it may be stated this court has long been committed to the rule that evidence of similar offenses is admissible to prove the matters for which the court advised the jury it was admitting the evidence in question. See Hatcher's Kansas Digest (Rev. Ed.), Criminal Law, §§ 267, 268; West's Kansas Digest, Criminal Law, § 369. Indeed as late as *State v. Aldrich,* 174 Kan. 335, 255 P. 2d 1027, it has been said that questions regarding admissibility of evidence as to prior convictions are within the discretion of the trial court, and its rulings with respect thereto will not be interfered with on review unless that discretion is abused or unless it is clear that the questioned evidence had no bearing on any of the issues involved in the charge. With respect to the second it suffices to say the rule in this jurisdiction has always been that evidence, otherwise competent, is not rendered incompetent or erroneously admitted simply because it is wrongfully obtained by the prosecution. See Hatcher's Kansas Digest (Rev. Ed.), Criminal Law, §§ 265, 266; West's Kansas Digest, Criminal Law, §§ 394, 395.

In connection with the contention first above mentioned appellant, although he failed to include the instructions in his abstract and concedes he made no request for such an instruction, insists the trial court erred in failing to instruct the jury as to the force and effect to be given the evidence adduced as to his prior conviction. The answer to this contention is to be found in our decisions holding that on appeal a party is in no position to complain of failure of the trial court to give an unrequested instruction. See, *e. g., State v. Graham,* 172 Kan. 627, 242 P. 2d 1067; *State v. Gatewood,* 169 Kan. 679, 685, 221 P. 2d 392; *State v. Linville,* 150 Kan. 617, 621, 95 P. 2d 332; *State v. Jones,* 137 Kan. 273, 20 P. 2d 514; *State v. Boone,* 124 Kan. 208, 257 Pac. 739; *State v. Turner,* 114 Kan. 721, 723, 220 Pac. 254. Moreover with an incomplete record we are not warranted in assuming that any of the instructions incorrectly advised the jury as to the force and effect to be given the evidence relating to appellant's previous conviction. (See *State v. Aldrich,* 174 Kan. 335, 338, 255 P. 2d 1027.)

While dealing with complaints respecting the instructions it should perhaps be stated at this point that, due to appellant's failure to abstract the instructions in their entirety, he is not entitled to consideration or review of one of his general assignments of error to the effect the court erred in giving each and every instruction as to the law and evidence.

Appellant also makes a contention, and we pause here to note that of necessity it relates only to the larceny phase of the case at bar, that the court erred in admitting evidence which was not positive as to valuation of the articles of property taken from the cafe. Touching this point the record discloses that the owner of the property testified as to actual money value of many of such articles. It is true, that when questioned as to these valuations on cross-examination, she admitted some of such articles might have been of less value. Even so the record discloses positive and uncontradicted evidence placing a value of more than $20 on a number of the stolen items. That under our decisions (See, e. g., *The State v. Bolton,* 111 Kan. 577, 207 Pac. 653; *State v. Handler,* 142 Kan. 455, 50 P. 2d 977; *State v. Coffey,* 145 Kan. 253, 65 P. 2d 253) was sufficient evidence to permit and uphold a verdict of guilty on the charge of grand larceny.

It is suggested but not seriously argued that the evidence is insufficient to support the verdict. Much of the argument on this point is based on the premise the evidence of the two accomplices, who testified to the effect appellant participated in the planning and commission of the crimes in question, was either inadmissible or should not have been believed by the jury. The trouble with appellant's position on this point is that all arguments made with respect thereto refuse to recognize, wholly ignore and entirely overlook the long established decisions of this court holding that in criminal actions (1) the uncorroborated testimony of one accomplice, to say nothing of two, if otherwise sufficient, will sustain a conviction (See West's Kansas Digest, Criminal Law, §§ 508 to 510, incl.; Hatcher's Kansas Digest [Rev. Ed.], Criminal Law, § 288); (2) it is the function of the jury, not the court of appellate review, to weigh the evidence and pass upon the credibility of the witnesses (*State v. Osburn,* 171 Kan. 330, 232 P. 2d 451); and (3) where there is substantial competent evidence to support it a verdict of guilty will not be disturbed on grounds it is based on insufficient evidence or contrary to the weight of the evidence (*State v. Stout,* 175 Kan. 414, 264 P. 2d 1056).

Next appellant contends the court and jury were prejudiced against him because he was represented in part by out of town lawyers and the verdict was rendered under the influence of passion and prejudice. These contentions find no support in the record and cannot be upheld.

In conclusion it can be stated appellant's claims regarding error in the overruling of his motion for new trial are based upon contentions heretofore mentioned, discussed and determined and require no further attention.

The judgment is affirmed.

FATZER, J., not participating.